IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerome Long, #151047, aka 2 Guns,<br>　　　　　　　　　Plaintiff,<br>　　vs.<br>Evans Correctional Institution; NFN<br>Brown, Correctional Officer; and<br>Officer Woodberry,<br>　　　　　　　　　Defendants. | Civil Action No. 6:05-0981-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　　The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the defendants' motion for summary judgment.

　　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

　　　　　The plaintiff filed his complaint on February 22, 2005, in the Court of Common Pleas for Chesterfield County, alleging that the defendants violated his constitutional rights. On March 31, the defendants removed the case to federal court. On May 16, 2005, the defendants filed a motion for summary judgment. By order filed on May 19, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response to the defendants' motion on June 20, 2005. The plaintiff also filed a motion for discovery on May 16, 2005.

**APPLICABLE LAW**

*Motion for Summary Judgment Standard*

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings; rather, she must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiffs position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory

allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

### **FACTUAL BACKGROUND**

This action is premised on the plaintiff's confinement at Evans Correctional Institution in Sumter, South Carolina. He is currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina.

On or about November 14, 2004, the plaintiff claims he was attacked by inmate Jerry Nelson while the plaintiff was distributing food trays to inmates in isolation in the A-wing of the Special Management Unit (SMU) (compl. ¶ 2). At the time, defendant Brown was performing a security check in the B-wing of the SMU, and defendant Woodberry was returning trays to the kitchen (pl. aff. ¶ 6; Brown aff. ¶ 2). Specifically, the plaintiff claims that as he was walking away, he heard a cell door "pop open" and saw inmate Nelson running at him (compl. ¶ 2). He claims Nelson hit him in the lip and that they fought for 10 or 20 minutes before an officer intervened (compl. ¶ 2).

Corrections Officer Cheryl Grice was assigned to the SMU control room at the time of the incident and observed Nelson exit his cell and fight with the plaintiff (Grice aff. ¶¶ 1-2). She notified defendant Brown in the B-wing, and he moved immediately to the A-wing to break up the fight (Grice aff. ¶ 2; Brown aff. ¶¶ 3-4). Inmate Nelson was returned to his room and charged with the institutional offense of evading a security device (Grice

aff. ¶ 2; Brown aff. ¶ 3). According to the plaintiff, he sustained a blow to his lip and was seen on November 19, 2004, by medical staff for a bruise to his upper left back (compl. ¶ 2). He does not allege that he required continuing medical care for these injuries.

The plaintiff accuses defendant Brown of failing to stop the altercation immediately. He seeks to hold defendant Woodberry responsible for his injuries because he was "in charge" of A-wing but not present at the time.

## ANALYSIS

### *Failure to Protect*

The plaintiff has accused the defendants of failing to protect him from attack by another inmate. The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Accordingly, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quoting *Cortes-Quinones v. Jiminez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, the Eighth Amendment is violated only when the plaintiff demonstrates (1) that he was incarcerated under conditions posing substantial risk of serious harm and (2) that the officials displayed "deliberate indifference" to his safety. *Id.*

Here, the plaintiff cannot establish either that he was incarcerated under conditions posing substantial risk of serious harm. The plaintiff was working in the SMU where inmates were in isolation cells. He was working with officers to distribute food trays and another officer was monitoring the area from the control room. Although there had been an altercation earlier in A-wing, the plaintiff admits that officers had responded to it

4

immediately and that the isolation inmate involved had been returned to his cell and the inmate worker involved had been removed from the A-wing. These conditions simply did not pose a substantial risk of serious harm to the plaintiff.

Similarly, this court cannot conclude that the defendants acted with "deliberate indifference" to a risk of violence by inmate Jerry Nelson. Indeed, the plaintiff offers no evidence that the defendants knew or should have known that inmate Nelson posed a risk to the plaintiff's safety. Although the plaintiff also claims that the officers delayed in responding to the attack, he offers no evidence to establish this allegation. His affidavit includes no allegation of any delay and confirms that the defendants responded to the altercation, pulled Nelson off of the plaintiff and escorted him back to his cell (pl. aff. ¶ 7). Defendant Brown and Corrections Officer Grice have testified that they responded as quickly as possible to the attack and that the incident ended quickly (Brown aff. ¶¶ 3-4; Grice aff. ¶ 2.) Under these circumstances, the plaintiff cannot establish a violation of the Eighth Amendment. *See Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997).

### *Correctional Institution*

Evans Correctional Institution (ECI) is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, to the extent that the plaintiff has sued ECI, ECI is not a "person" subject to suit under 42 U.S.C. §1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *vacated on other grounds by* 203 F.3d 821 (4th Cir. 2000) ("the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. §1983").

### *Eleventh Amendment Immunity*

It appears that the plaintiff is suing each defendant in their official capacity. The Supreme Court has held that neither the State nor a state official acting in an official

5

capacity are "persons" for purposes of actions under §1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). The reason is that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Id.; see also Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Thus, to the extent that the plaintiff is suing the defendants in their official capacities for money damages, there is no question that they are immune from suit under the Eleventh Amendment. The plaintiff has identified the defendants as state officials. Because state officials acting in an official capacity are not "persons" within the meaning of §1983, the defendants acting in their official capacity are entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 71. The plaintiff's claims for damages against the defendants in their official capacities should be barred.

### *Qualified Immunity*

The defendants have also raised the defense of qualified immunity. Qualified immunity protects government officials performing discretionary functions from suits for civil damages arising out of the exercise of their discretionary functions, provided that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)). The plaintiff's rights must be established so clearly that a "reasonable official would understand that what he is doing violates that right." *Slattery*, 939 F.2d at 216 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987)). Accordingly, ruling on a defense of qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation

6

the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).[1]

In determining whether the specific right allegedly violated was clearly established, tolerance is accorded in the qualified immunity defense to "'good faith' mistakes of judgment traceable to unsettled law, or faulty information, or contextual exigencies. . . [which] is deliberately designed to give protection to 'all but the plainly incompetent or those who knowingly violate the law.'" *Pritchett*, 973 F.2d at 313 (citing *Malley v. Briggs*, 475 U.S. 335, 341, 89 L.Ed.2d 271, 106 S.Ct. 1092 (1986)).

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne,* 526 U.S. 286, 290 (1999); *see also Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson,* 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott,* 156 F.3d 563, 567 (4th Cir. 1998); *see also Young v. City of Mount Rainier*, 238 F.3d 567,

---

[1] In order to shield officials from both the burdens of litigation as well as liability, establishment of qualified immunity is encouraged at the summary judgment stage. *Pritchett*, 973 F.2d at 313 (citing *Harlow*, 457 U.S. 800, 815-819). However, summary judgment remains appropriate "only if (1) there are no genuine issues of material fact, and (2) on the undisputed facts the defendant as movant is entitled to judgment as matter of law." *Pritchett*, 973 F.2d at 313 (citations omitted). Thus, it is appropriate to consider the third element of a qualified immunity defense (i.e., whether a reasonable officer would have known that his conduct violated a specific right) only if there are no genuine issues of fact with respect to the official's conduct under the circumstances. If issues of fact do exist, summary judgment is inappropriate, and the issue must be reserved for trial. *Pritchett*, 973 F.2d at 313 (citing *Mitchell*, 472 U.S. at 526).

577-78 (4th Cir. 2001) (where court concluded that the complaint did not allege a constitutional violation, there was no need to consider the question of qualified immunity).

In this case, as set forth above, the plaintiff has failed to demonstrate that the actions of the defendants violated any of his constitutional rights.  Therefore, the defendants are entitled to qualified immunity on these claims.

## CONCLUSION AND RECOMMENDATION

Wherefore, it is recommended that the defendants' motion for summary judgment be granted.  Any pending nondispositive motions are held in abeyance pending the district judge's disposition of the motion for summary judgment.  Should the district judge adopt this court's recommendation, these motions will be rendered moot.

> s/William M. Catoe
> United States Magistrate Judge

October 6, 2005

Greenville, South Carolina